WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

James Ray Hunter,

Plaintiff,

v.

Theodora Paul and Oyuki Coronado,

Defendants.

No. CV-24-02068-PHX-JAT

**ORDER**

Pending before the Court is Defendants' counsel's request to reset the final pretrial conference. (Doc. 93). Good cause having been shown, that request will be granted as specified below.

Defendants filed a notice which states that during a conference call Plaintiff indicated he disputes whether Defendants demanded a jury trial. (Doc. 92). The Court does not know Plaintiff's theory for contesting the jury demand. The Court notes that this case was filed in state court in 2023. It was removed to federal court, then remanded to state court (Doc. 1-3 at 89). Thereafter, on July 24, 2024, Plaintiff filed a notice in state court (Doc. 1-1 at 13), to which he attached the second amended complaint that he had previously indicated to the state court that he wished to file, which the state court allowed. (Doc 1-2 at 25 (second amended complaint originally filed in state court June 13, 2024)); (Doc. 1-1 at 66 (July 12, 2024 Order of the state court granting leave to file the second amended complaint)). This case was re-removed to federal court on August 12, 2024. (Doc. 1). Assuming the Court has the entire state court record, it does not appear

Defendants responded to the second amended complaint in state court.

Under Federal Rule of Civil Procedure 81(c), Defendants' answer (or other response to the second amended complaint) was due by August 19, 2024. Defendants did not answer or otherwise respond to the second amended complaint within this deadline. Thereafter, the Court ordered Plaintiff to file a third amended complaint, which Plaintiff filed. (Docs. 5, 8). Defendants' answer to the Third Amended Complaint contained a jury demand. (Doc. 14 at 4). However, filing an amended pleading does not necessarily restart the time to demand a jury.

> In the case of an amended pleading, courts will sometimes grant a demand for jury trial made within ten days after service of the amended pleading. *See, e. g., Clement v. Am. Greetings Corp.,* 636 F. Supp. 1326, 1334 (S.D. Cal. 1986) (citing *Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1049–50 (9th Cir.1974); *Pradier v. Elespuru,* 641 F.2d 808, 810 n. 1 (9th Cir. 1981)). However, the right to a jury trial is only revived by an amended pleading that raises an issue "not previously raised in the original complaint." *Cal. Scents v. Surco Prod., Inc.,* 406 F.3d 1102, 1106 (9th Cir. 2005). A new *theory,* though, "'does not constitute the presentation of a new *issue* on which a jury trial should be granted [as of right] under ... Rule 38(b).'" *Lutz v. Glendale Union High Sch.,* 403 F.3d 1061, 1066 (9th Cir. 2005) (emphasis and alteration in original) (quoting *Trixler,* 505 F.2d at 1050). As noted by the *Cal. Scents* court, "'Rule 38(b) is concerned with issues of *fact.*"' *Cal. Scents,* 406 F.3d at 1106 (emphasis in original) (quoting *Lutz,* 403 F.3d at 1066). Thus, if the issues in the original complaint and the amended complaint turn on the same "matrix of facts," then a party is not entitled to a trial by jury. *Las Vegas Sun, Inc. v. Summa Corp.,* 610 F.2d 614, 620 (9th Cir. 1979).

*Murkanko v. Pinnacle Nissan Infiniti*, No. CV-04-2438-PHX-SRB, 2005 WL 2757285, at *2 (D. Ariz. Oct. 25, 2005).

What documents are required by the Order Setting Final Pretrial Conference (Doc. 91) are dependent on whether this will be a bench or jury trial. Thus, as specified below, the parties will be required to brief this issue on an expedited basis. In their briefing, they shall specifically address whether Defendants' jury demand was timely or whether there was waiver under Federal Rule of Civil Procedure 38. *See* Fed. R. Civ. P. 38(d) (a party's failure to comply with the rules governing requests for a jury demand is typically treated as a waiver of that party's right to a jury trial). If Plaintiff's motion to strike the jury demand is granted, the Court will amend the Order Setting Final Pretrial Conference (Doc.

91) to change the language indicating this would be a jury trial.

On the Court's own motion, the Court will continue the trial date briefly due to a scheduling conflict. Trial will begin Friday, February 26, 2027. The trial schedule will depend on whether this will be a bench or jury trial.

Consistent with the foregoing,

**IT IS ORDERED** granting the motion (Doc. 93) and accelerating the Final Pretrial Conference from February 10, 2027, to **Wednesday, February 3, 2027, at 10:00 a.m.** Defense counsel remains responsible for having Plaintiff call in to the Final Pretrial Conference. No deadlines in the Order Setting Final Pretrial Conference (Doc. 91) are changed.

**IT IS FURTHER ORDERED** that any motion to strike the jury demand is due by October 5, 2026; a response is due within 5 days of when the motion is filed, a reply is due within 5 days of when the response is filed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff a copy of Doc. 14.

**IT IS FURTHER ORDERED** continuing the start of trial from February 23, 2027, to Friday, February 26, 2027, at 9:00 a.m.

Dated this 21st day of September, 2026.



James A. Teilborg
Senior United States District Judge