**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Ray Hunter,<br>Plaintiff,<br>v.<br>Theodora Paul, et al.,<br>Defendants. | No. CV-24-02068-PHX-JAT<br>**ORDER** |

Pending before the Court is Plaintiff James Hunter's Motion to Extend Time to file his Motion to Strike his Jury Trial Demand. (Doc. 98). The Court finds that Plaintiff has shown good reason to amend the schedule, and so his Motion will be granted.

On September 21, 2026, the Court ordered that a motion to strike the jury demand would be due on October 5, 2026. (Doc. 94 at 3). Plaintiff, however, filed his Motion to Strike two days after that deadline. (Doc. 97). He then filed his Motion for an Extension of Time, explaining why he was unable to conform to the Court's deadline. (Doc. 98).

The Federal Rules of Civil Procedure permit a retroactive extension a filing deadline for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). When considering the moving party's neglect, the Court will consider: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay; (3) the reason for the delay including whether it was in reasonable control of the movant; and (4) whether the moving party's conduct was made in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th

Cir. 2004).

Here, the first *Pioneer* factor favors Plaintiff. To permit this late filing would not prejudice the Defendants. The Motion to Strike was filed just two days after the deadline and that Motion did not appear to change the nature of the case after a significant delay. *See* (Doc. 97); *cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).

Nor is the length of the delay significant; two days is well under the length of time of other delays found to be permissible. *See, e.g.*, *Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (finding that a 64-day delay in seeking relief was a "substantial" delay).

The third factor, which carries the greatest weight, likewise favors Plaintiff. *See In re Edwards Theatres Circuit, Inc.*, 70 F. App'x 950, 952 (9th Cir. 2003) (citing *Hospital del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001)). The Court finds that Plaintiff was reasonably diligent in his attempt to conform to the filing deadline.

As Plaintiff explained, he was prepared to file his Motion to Strike on October 5, 2026, but was unable to do so because the prison library was not open, despite its general operating hours. (Doc. 98 at 2). This was because the librarian was attending a training course that Plaintiff was unaware of. (*Id.*). Plaintiff then completed his filing the next time the library opened. (*Id.*). The circumstances behind this late filing are not indicative of carelessness or a cavalier attitude towards the Court's deadlines. *See Pioneer*, 507 U.S. at 392; *cf. Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The final factor—good faith—similarly favors the Motion. Plaintiff had his filing complete on time and intended on filing it before the court's deadline expired. But because of circumstances beyond his control, he was unable to. (Doc. 98 at 2). He sought to rectify his late filing without any further delay. (*Id.*). Thus, Plaintiff acted in good faith to timely file his Motion to Strike throughout the relevant period.

With each of the *Pioneer* factors weighing in favor of Plaintiff, the Court finds good cause to amend its deadline, and Plaintiff's Motion to Strike will be therefore accepted as timely filed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Extend Time (Doc. 98) is granted.

**IT IS FURTHER ORDERED** that, due to the impending final pretrial deadlines, Defendants' deadline to respond to the Motion to Strike (Doc. 97) is accelerated to October 16, 2026.

Dated this 9th day of October, 2026.

James A. Teilborg
Senior United States District Judge