**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

James Ray Hunter,

Plaintiff,

v.

Theodora Paul, et al.,

Defendants.

No. CV-24-02068-PHX-JAT

**ORDER**

Pending before the Court is Plaintiff James Hunter's Motion to Strike Defendants' Jury Demand (Doc. 97). Since Defendants were not required to file a responsive pleading until after the screening of the operative complaint, the Court finds that the Jury Demand was timely. Plaintiff's Motion will therefore be denied.

## I. BACKGROUND

This action began in Arizona state court, where Plaintiff filed a Second Amended Complaint. (Doc. 1-1 at 79). Defendants then removed the matter to federal court before they were due to file an Answer. (Doc. 1-5). The Court thereafter issued a screening order that dismissed the Second Amended Complaint without prejudice. (Doc. 5 at 3).

Plaintiff's Third Amended Complaint survived screening on November 22, 2024. (Doc. 8). Defendants filed their Answer on December 23, 2024, in which they demanded a jury trial on all possible issues. (Doc. 14). With summary judgment now in the rearview mirror, Plaintiff argues that Defendants waived their jury demand by filing an untimely Answer. (Doc. 97 at 8-9).

## II. ANALYSIS

Under the Federal Rules of Civil Procedure, Defendants had seven days from the filing of the notice of removal to "answer or present other defenses or objections" to the Second Amended Complaint. Fed. R. Civ. P. 81(c)(2)(C). Thus, as the Court has previously said, the Rules gave Defendants until August 19, 2024, to file any answer or objections. (Doc. 94). The demand for a jury trial was therefore tardy under Rule 81 because it was filed on December 23, 2024. (*Id.*).

Plaintiff's later filing of a Third Amended Complaint did "not necessarily restart the time to demand a jury" under the Rules. *See Clement v. Am. Greetings Corp.*, 636 F. Supp. 1326, 1334 (S.D. Cal. 1986). Thus, Defendants either needed to demonstrate that the new Complaint raised a new issue of fact, *see Cal. Scents v. Surco Prod., Inc.*, 406 F.3d 1102, 1106 (9th Cir. 2005), or that the language of an intervening federal statute superseded the Rules, *see Autoskill Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1485 (10th Cir. 1993). Electing the latter approach, Defendants contend that the Prisoner Litigation Reform Act ("PLRA") has rendered their deadline under Rule 81 inapplicable.[1] (Doc. 100).

Congress passed the PLRA in 1996 in order to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). To that end, the Act transformed the procedural manner through which courts consider prisoner litigation. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (holding that the PLRA "departed in a fundamental way from the usual procedural ground rules"); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). As the PLRA overhauls procedural requirements in prisoner cases, courts have held that, where there are any conflicts between the Rules of Civil Procedure and the PLRA, "the statute repeals the Rule." *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir 2001); *see Taylor v. First Med. Mgmt.*, 508 Fed. App'x 488, 493 (6th Cir. 2012).

As relevant here, the PLRA requires a federal court to screen a prisoner's complaint and dismiss certain undesirable claims. 28 U.S.C. § 1915A. This remains true even when a case originates in state court. *See, e.g.*, *Crane v. Lopez*, No. 1:22-cv-00922-NODJ-HBK,

[1] The Court notes that Rule 81(c) has not undergone any amendments, small or substantial, that would cause the Court to conclude that the Rule now supersedes the PLRA's text.

2024 WL 583463, at *2 (E.D. Cal. Feb. 13, 2024). Because a plaintiff's claims remain in limbo throughout the screening process, there is generally no need to respond to claims until the Court decides in what form the litigation can continue. *See, e.g.*, *Harris v. Ford*, 32 F. Supp. 2d 1109, 1110-11 (D. Alaska 1999); *Thomas v. Mensay*, No. CV-26-00612-PHX-JAT, 2026 WL 2634926, at *3 (D. Ariz. Sept. 8, 2026); *cf. James v. Rodriguez*, No. 25-cv-501-KWR-JHR, 2026 WL 564135 (D. Ariz. Feb. 27, 2026) (discussing a plaintiff who tried to submit a jury demand before the Court's screening concluded).

In this case, the Court had the duty to screen Plaintiff's Second Amended Complaint upon its arrival in federal court. § 1915A. The Court's review led it to dismiss the Second Amended Complaint without prejudice and to allow Plaintiff to file a Third Amended Complaint that complied with the applicable rules. (Doc. 5 at 4). Indeed, the Court had emphasized that its dismissal made the original Complaint and prior Amended Complaints functionally nonexistent. (*Id.* at 3); *see Ramirez v. Collier*, 595 U.S. 411, 423 (2022).

It was only after the Court screened this latest Amended Complaint on November 21, 2024, that Defendants needed to respond. *See* (Doc. 12 at 15-16 (ordering Defendants to respond "within the time provided by the applicable provisions of Rule 81(c)(2) of the Federal Rules of Civil Procedure or within 30 days of the filing of this Order")). Defendants complied, timely filing their Answer and jury demand on December 23, 2024. (Doc. 14).

Thus, the process mandated by the PLRA rendered Rule 81's August 2024 deadline to respond to the Second Amended Complaint inapplicable. Upon the arrival of a prisoner complaint, the statute requires action by the Court before action by a defendant; holding that Defendants here were required to respond earlier would circumvent that procedure. *See Becerra v. Empire Health Found.*, 597 U.S. 424, 442-43 (2022) (consulting statutory process and structure to determine its meaning).

The text of the PLRA supports this understanding. Section 1915A provides that a court "shall review, before docketing, if feasible or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress" from either the government or an officer thereof. The terms "before docketing" and "as soon as practicable

after docketing" show that the need to react to a complaint is placed on the Court—not the defendant—even when the Federal Rules of Civil Procedure's deadlines creep closer. *See Newton v. Eatmon*, No. 21cv15-LAB(KSC), 2021 WL 5494812, at *1 (S.D. Cal. Nov. 23, 2021) (citing *Olausen v. Murguria*, No. 3:13-cv-00388-MMD-VPC, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014)).

The Court's reading is also bolstered by the purpose and expectations of the PLRA. *See Lomax v. Ortiz-Marquez*, 590 U.S. 595, 602-03 (2020); *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). Congress designed the PLRA to "filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones*, 549 U.S. at 202. Thus, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." *Id.* at 221. If a defendant were required to address an amended prisoner complaint under the Federal Rules of Civil Procedure before a court's order regarding that complaint, both the defendant and the court would end up sorting the good claims from the bad.

Far from reducing time litigating potentially fruitless claims, that approach would double the effort spent untangling "the flood of nonmeritorious [prisoner] claims." *Id.* at 203. Worse still, it would place a defendant in the unfortunate position of either guessing which claims the court will find nonmeritorious or spending a greater amount of resources so as to address each claim a prisoner presents. Congress ultimately chose to place the burden of screening prisoner complaints on the courts, *id.* at 224, and requiring duplicitous effort from defendants attempting to comply with Rule 81 would make that choice meaningless. This is all to say that the PLRA and Rule 81 sit uncomfortably together, *see Doe (A.G.) v. Olmos*, No. 1:25-CV-00896-JLT-SAB, 2025 WL 2099241, at *1 (E.D. Cal. July 25, 2025), and the PLRA's directives are honored by treating the Answer as timely.

Notwithstanding all of the difficulties outlined above, the Court recognizes that it is at least technically possible to timely respond to an unscreened complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010); *Doe*, 2025 WL 2099241, at *1. But any effect of this observation would not change this decision since there exists an independent reason to reject Plaintiff's Motion. The Court understands that Plaintiff failed to object to

Defendants' Answer and jury demand, even if it was submitted after a mandatory deadline. For that reason alone, the jury demand in that Answer is valid and cannot be withdrawn without Defendants' consent. *See Mid-Continent Cas. Co. v. Titan Const. Corp.*, No. C05-1240 MJP, 2008 WL 4837043, at *1 (W.D. Wash. Nov. 6, 2008).

## III. CONCLUSION

In summation, the PLRA's screening provision nullified the need to respond to the Second Amended Complaint under Rule 81. The text, structure, and purpose of the PLRA demonstrate that this Court must determine which of Plaintiff's claims may be meritorious before such a response or jury demand is required, even if that task would prolong Defendants' deadlines. To hold otherwise would damage the PLRA's structure and confuse defendants everywhere in the process.

Yet the Court does not arrive at this conclusion without reservation. It is cognizant that, in removal cases, defendants may strategically use the screening process to extend the time they have to file a response.[2] But balancing the need for a speedy procedure and the need to efficiently chart prisoner claims is a job for Congress, not this Court. *See Spencer v. Barajas*, 140 F.4th 1061, 1068 (9th Cir. 2025).

Still, no matter whether or not Rule 81(c) is best viewed as superseded by the PLRA, this Order would remain the same given Plaintiff's lack of objection to the Answer. *See Mid-Continent Cas. Co*, 2008 WL 4837043, at *1.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendants' Jury Demand (Doc. 97) is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] To be clear, the Court does not see any evidence that Defendants in this case intended to employ such a strategy.

**IT IS FURTHER ORDERED** that Plaintiff's Defendants' Motion for Extension of Time to File Motions in Limine (Doc. 103) is granted. The deadline for the parties to file and serve all motions in limine is extended to seven days from the date of this Order. However, all other deadlines will remain the same.

Dated this 2nd day of November, 2026.

James A. Teilborg
Senior United States District Judge