**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

James Ray Hunter,
Plaintiff,
v.
Theodora Paul, et al.,
Defendants.

No. CV-24-02068-PHX-JAT

**ORDER**

Before the Court is Plaintiff James Hunter's Motion to File a Delayed Motion in Limine. (Doc. 114). Therein, he explains why his lodged Motion (Doc. 115) could not be timely filed: the prison librarian who conducts court filings was unavailable to him. (Doc. 114 at 2-3). The Court will grant the Motion hesitantly.

The Federal Rules of Civil Procedure permit a retroactive extension a filing deadline for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). When considering the moving party's neglect, the Court will consider: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay; (3) the reason for the delay including whether it was in reasonable control of the movant; and (4) whether the moving party's conduct was made in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004).

Here, the first *Pioneer* factor favors Plaintiff. The Motion was filed soon after the deadline and that Motion did not appear to change the nature of the case after a large delay.

*See* (Doc. 97); *cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). The Court, as will be discussed later, is aware that the deadline to file responses to any Motions in Limine is fast approaching and has taken that into account.

Nor is the length of the delay significant; five days is well under the length of time of other delays found to be permissible. *See, e.g., Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (finding that a 64-day delay in seeking relief was a "substantial" delay).

The third factor, which carries the greatest weight, likewise favors Plaintiff. *See In re Edwards Theatres Circuit, Inc.*, 70 F. App'x 950, 952 (9th Cir. 2003) (citing *Hospital del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001)). The Court finds that Plaintiff was reasonably diligent in his attempt to conform to the filing deadline.

As Plaintiff explained, he was prepared to file his Motion to Strike on November 9, 2026. (Doc. 114 at 2). But he was unable to do due to the absence of the librarian and a compliance search of his unit. (*Id.* at 2-3). The circumstances behind this late filing are not indicative of carelessness or a cavalier attitude towards deadlines. *See Pioneer*, 507 U.S. at 392; *cf. Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The final factor—good faith—similarly favors the Motion. Plaintiff had his filing complete on time and intended on filing it before the court's deadline expired. But because of circumstances beyond his control, he was unable to. (Doc. 114 at 2-3). He sought to rectify his late filing without any further delay. (*Id.*). Plaintiff therefore acted in good faith to timely file his Motion to Strike throughout the relevant period.

Before concluding, three additional comments are in order. First, the deadline to respond to the Motions in Limine is fast approaching and will not likely be adjusted. *See* (Doc. 104 at 6). Respecting that a receiving party will need time to draft their responses, any further delayed Motions will not be accepted. Second, while the Court understands the limitations Plaintiff faces, it will be increasingly adherent to its set deadlines as trial comes closer. From now on, a librarian's calendar will not be permitted to supersede the Court's calendar. (*See* Doc. 99 (permitting Plaintiff an extension of time for nearly the same reason)). Third and finally, the Court knows that any response to this Motion must now be

briefed within a suboptimal period of time. But after looking at the due date, it is reasonably sure that a satisfactory response may be briefed on time.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to File a Delayed Motion in Limine (Doc. 114) is granted.

**IT IS ALSO ORDERED** that the Clerk of Court is directed to file Plaintiff's Motion in Limine lodged November 16, 2026 (at Doc. 115).

Dated this 23rd day of November, 2026.

James A. Teilborg
Senior United States District Judge